UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODRICK JONES, #281804,

    Plaintiff,

v.

Case No. 2:18-cv-12160
Honorable Nancy G. Edmunds

LINSEY LaMONTAGNE,

    Defendant.
_____/

### ORDER DENYING THE MOTION TO SUPPRESS STATEMENT [4] AND SUMMARILY DISMISSING THE COMPLAINT [1] UNDER 28 U.S.C. § 1915(g)

### I. Introduction

Plaintiff Rodrick Jones, a state prisoner at Gus Harrison Correctional Facility in Adrian, Michigan, recently filed a "Motion for Copus Delicti," which was treated by the Clerk of the Court as a new civil complaint. The defendant is Linsey LaMontagne, a department manager for the Michigan Department of Corrections. The complaint alleges that, on April 25, 2017, Jones was a parolee at the Lake County Residential Re-entry Center, which had no law library or legal program. Jones was charged with violating a condition of parole and he requested appointment of counsel to assist him at a preliminary parole violation hearing. On April 28, 2017, defendant LaMontagne denied Jones' request for counsel because the issues were not complex and because Jones appeared to be capable of presenting his own defense. Jones subsequently pleaded guilty to violating a condition of parole by failing to complete the Lake County Residential Re-entry Program.

1

On July 10, 2018, Jones filed the civil complaint in this case. He seeks release from custody and a discharge from parole. Additionally, on July 31, 2018, Jones moved to suppress his admission at the parole revocation hearing that he was guilty of a parole violation. Jones has not prepaid the filing fee for his complaint, nor applied for leave to proceed without prepayment of the fees and costs for this action.

## II. Discussion

A federal litigant who is too poor to pay court fees ordinarily "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915). However,

> a special "three strikes" provision prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and he or she "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

*Id.* (quoting § 1915(g)).

An exception to this "three strikes" rule applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011).

Jones has filed at least three previous complaints that were dismissed under 28 U.S.C. § 1915(e)(2)(B) or § 1915A(b) as frivolous, for failure to state a claim on which relief may be granted, or because he sought money damages from a defendant who was immune from such relief. See *Jones v. Mich. Dep't of Corr., et al.*, No. 1:13:1006 (W.D. Mich. Oct. 8, 2013) (summarily dismissing the complaint for money damages because the defendants were immune from suit); *Jones v. White*, No. 4:10-cv-15156

2

(E.D. Mich. Nov. 10, 2011) (summarily dismissing the complaint under §§ 1915(e)(2)(B) and 1915A(b) because the complaint was barred by the doctrines of claim and issue preclusion and, therefore, failed to state a plausible claim for which relief may be granted); *Jones v. White*, No. 2:10-cv-12308 (E.D. Mich. Aug. 18, 2010) (summarily dismissing the complaint as frivolous, for failure to state a claim, and because it sought money damages from a defendant who was immune from such relief because the defendant was sued in his official capacity); *Jones v. Brown*, No. 2:10-cv-12391 (E.D. Mich. Aug. 16, 2010) (summarily dismissing the complaint under §§ 1915(e)(2)(B) and 1915A(b) as frivolous and for failure to state a claim because Jones sought money damages from a defendant who was immune from suit, he sought relief for emotional injury only, and he appeared to be seeking compensation for unlawful confinement).

Jones also has been notified more than once that he has "three strikes" under § 1915(g). *See Jones v. Open Arms*, No. 2:17-cv-13446, Op. and Order, p. 2 (E.D. Mich. Oct. 25, 2017) (collecting cases). Furthermore, nothing in Jones' present complaint or pending motion indicates that he is under imminent danger of serious physical injury.

### III. Conclusion

Jones has not prepaid the filing fee for this action, and at least three of his previous complaints have been dismissed as frivolous, for failure to state a claim, or because he sought money damages from a defendant who was immune from suit. Furthermore, Jones is not eligible to proceed without prepayment of the fees and costs for this action under the "imminent danger" exception of 28 U.S.C. § 1915(g). Accordingly, the Court summarily dismisses Jones' complaint (ECF No. 1) without

prejudice under 28 U.S.C. § 1915(g). The Court denies as moot Jones' motion to suppress his incriminating statement (ECF No. 4).

x _____
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: 8-9-18